UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. ANDERSON,

Petitioner,

v.

RICHARD L. STIFF, Warden

Respondent.

Civil No. 00-619 (JRT/ESS)

**ORDER**

The above matter is before the Court on Petitioner's Application for a writ of Habeas Corpus under 28 U.S.C. § 2241.

Based upon all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED:

1. No later than August 23, 2000, Respondent's Counsel shall forward a copy of Petitioner's habeas petition, Petitioner's Response in Opposition to Respondent's Memorandum in Opposition, and this Order to the sentencing District Judge in this case, accompanied by a cover letter from Respondent's counsel asking the sentencing District Court to advise Counsel for Respondent whether the sentencing Distict Judge has any objection to the relief requested by Petitioner. A copy of that communication shall be forwarded to this Court.

2. No later than September 23, 2000, counsel for Respondent shall advise this court of the response, if any, of the sentencing District Judge to Petitioner's request.

Dated: August 9, 2000

E.S. SWEARINGEN
United States Magistrate

AUG 09 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

MEMORANDUM

Petitioner contends that he is entitled to credit toward his federal sentence for time previously spent in the custody of the state of Minnesota. Given the facts of the record, the Court is satisfied that the Bureau of Prisons, ("BOP"), could grant the relief that Petitioner is seeking. In other words, the BOP has the discretionary authority to grant Petitioner a *nunc pro tunc* designation. See Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1991); McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998); United States v. Croft, 450 F.2d 1094, 1099 (6th Cir. 1971). Thus, the substantive issue is whether the BOP properly exercised its dicretion, or abused that discretion, when it declined Petitioner's request for *nunc pro tunc* designation of the state prison as the facility of service of his federal sentence.

The BOP has adopted a Program Statement, P.S. 5160.03, which is to be applied in cases where it is asked to exercise its discretionary authority to "backdate" the commencement of a prisoner's sentence. In cases such as this one, P.S. 5160.03 requires the BOP's Regional Inmate Systems administrator, ("RISA"), to "send a letter to the sentencing District Judge, along with the inmate's request, inquiring whether the court has any objections." The Program Statement properly recognizes that the federal sentencing District Judge's position should be given great weight when the BOP is deciding whether to grant or deny a petitioner's request for a backdated commencement date. It is important to know, if possible, what the federal sentencing District Judge would have done, if he or she had known that a related state court sentence would later be imposed.

In this case, it appears that the BOP has not yet fully complied with P.S. 5160.03. The record reflects that the Petitioner wrote to the sentencing District Judge concerning the computation of his sentence, but this letter was referred to U.S. Probation Officer Jack R. Verhagen, for response. A

copy of Verhagen's responsive letter was sent to the sentencing District Judge, who did not comment. Even though the BOP's own Program Statement tacitly recognizes the significance of the sentencing District Judge's input, the present record contains no reliable information about his position. The deficiency is attributable to the BOP, not the sentencing District Judge. It is not clear whether the sentencing District Judge fully understood the nature of Petitioner's request for relief. Further, the probation officer's letter back to Petitioner does not clearly convey the sentencing District Judge's position. If the RISA had complied with P.S. 5160.03, (by sending "a letter to the sentencing District Judge, along with the inmate's request"), then the sentencing District Judge's position would presumably be much more readily discernable. Based upon the present record, however, the Court cannot say with confidence what the sentencing District Judge actually thought about Petitioner's request, or how much he knew about it.

Under the circumstances, the Court finds that it would be most appropriate to delay any recommendation on Petitioner's Habeas Corpus Application until after the BOP has made a more concerted effort to comply with its Program Statement. For the benefit of the sentencing District Judge, Respondent will be required to send Petitioner's original petition and Response summarizing his request, with a cover letter asking whether the sentencing District Judge has any objection to it. To further elucidate the purpose of the inquiry presented to the sentencing District Judge, a copy of this Order shall be enclosed with the letter from Respondent's Counsel. After the sentencing District Judge has had an opportunity to respond to Petitioner's request for a backdated commencement date, (if that Judge finds it appropriate to do so), this Court will then re-examine the more complete record and make a final recommendation on the pending Habeas Corpus Petition.

E.S.S.